IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

DEBRA NELSON and DAVID NELSON    *
10426 Burrsville Branch Rd.
Denton, Maryland 21629    *

    Plaintiffs    *

v.    *

FOOD LION, LLC    *
2110 Executive Boulevard
Salisbury, North Carolina 28145    *

    Defendant    *    Case No.: 1:22-cv-1005

Serve on:    CSC Lawyers Incorporating    *
           Service Company
           7 St. Paul Street    *
           Suite 820
           Baltimore, Maryland 21202    *

    *    *    *    *    *    *    *    *    *    *    *

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Debra Nelson and David Nelson, by their attorneys Curtis H. Booth and Booth, Cropper & Marriner, P.C., and pursuant to applicable Maryland law and the Federal Rules of Civil Procedure, hereby sue and demand judgment against Defendant Food Lion, LLC, stating the following in support thereof:

1. Plaintiffs Debra Nelson and David Nelson are adult citizens of the United States residing in Denton, Caroline County, Maryland and are legal domiciled in Maryland. The Plaintiffs were married to one another on August 8, 1988.

2. Defendant Food Lion, LLC is a limited liability company, with a principal place of business in Salisbury, North Carolina. Defendant, by and through its agents and employees, owns, operates and maintains a retail grocery store in Denton, Maryland, which is intended to be

utilized by members of the public who are its business invitees. Defendant is legally domiciled in the State of North Carolina.

3. This Court has jurisdiction regarding this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000). Venue is appropriate in this Court because Plaintiffs' cause of action arose in Caroline County, Maryland and all the events relevant to the Defendant's negligence occurred there.

4. On June 17, 2019, Plaintiff Debra Nelson entered the Defendant's Food Lion grocery store in Denton, Maryland as a business invitee to shop on her lunch break from work. While exercising due care for her own safety while attempting to check out, Plaintiff slipped on what she later learned was a banana in the checkout line. The banana in the checkout lane constituted an unreasonably dangerous condition to Plaintiff and to other business invitees.

5. As a result of slipping on the unreasonably dangerous hazard, Plaintiff landed on her left knee on her knee, fracturing her patella, and causing her personal injury.

6. Upon information and belief, the Defendant's security surveillance cameras reflect the existence of the unreasonably dangerous condition on Defendant's premises and the knowledge of Defendant's employees and agents of the condition. Defendant's employees and agents therefore had actual and/or constructive notice of the existence of the unreasonably dangerous condition in its checkout line walking surface, prior to the Plaintiff being injured.

## **COUNT I (Negligence/Premises Liability)**

7. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 6 of this Complaint as if fully realleged herein.

8. Defendant, as the owner and operator of the Denton Food Lion, had a duty through its agents and employees, to operate and maintain the store in a reasonable and safe condition to protect its business invitees from an unreasonable risk of harm. Defendant, through its agents and employees, breached its duty and failed to properly maintain and operate its store, and was otherwise negligent as follows:

    A. Negligently failing to properly maintain and clean the surfaces of its floors and walkways in a reasonably safe and prudent fashion, and failing to prevent the walking surfaces from becoming dangerously slippery and creating an unreasonable risk of harm to invitees;

    B. Negligently failing to properly monitor the walking surfaces on the premises to ensure that unreasonably dangerous conditions did not exist and/or negligently failing to clean or otherwise address unreasonably dangerous conditions before invitees became injured;

    C. Negligently failing to warn its invitees of unreasonably dangerous conditions on its premises;

    D. Negligently acting and negligently failing to act in a manner so as to protect its invitees from an unreasonable risk of harm; and

    E. Otherwise negligently failing to follow its policies and procedures, as well as local governmental regulations, and otherwise negligently breaching the applicable duty of care.

9. The negligence of the Defendant (by and through its agents and employees) was a direct, legal and proximate cause of injury to the Plaintiffs. As a direct, legal and proximate result of the negligence of the Defendant and its agents and employees, Plaintiff Debra Nelson

suffered a fractured patella, conscious pain and suffering, inconvenience, emotional trauma, loss of enjoyment of life and other non-economic damages.  Also as a direct, legal and proximate result of the Defendant's negligence, Plaintiff has suffered a loss of earnings, and was forced to incur costs for surgery and medical treatment as well as other expenses.  Plaintiff's claimed damages are alleged to have occurred in the past, and some of the damages will, with reasonable probability, continue into the future.

10. The Plaintiff's claimed damages were proximately caused by the negligence of the Defendant and its agents and employees, without any corresponding contributory negligence on the part of the Plaintiff.

WHEREFORE, the Plaintiffs hereby demand judgment against the Defendant for compensatory damages in an amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) with interest, costs, attorneys' fees and such other and further relief as justice requires.

## COUNT II (Loss of Consortium)

11. Plaintiffs incorporate by reference the allegations in paragraphs 1 through 10 of this Complaint as if fully realleged herein.

12. Plaintiffs are lawfully married as husband and wife and were married at the time of the Defendant's negligence as alleged in Count I of the Complaint.  As a result of the negligence of the Defendant, through its agents and employees, the Plaintiffs' marriage and marital relationship has been injured and damaged. The Defendants' negligence resulting in severe and substantial injuries to Debra Nelson has also impaired and caused injury to the Plaintiffs' marital relationship, including the loss of society, affection, household services, assistance and sexual relations.

WHEREFORE, the Plaintiffs hereby demand judgment against the Defendant for compensatory damages in an amount in excess of Seven Hundred Fifty Thousand Dollars ($750,000) with interest, costs, attorneys' fees and such other and further relief as justice requires.

Respectfully submitted,

/s/ Curtis H. Booth

_____
Curtis H. Booth, Fed Bar No. 24662
Booth, Booth, Cropper & Marriner, P.C.
130 N. Washington Street
Easton, Maryland 21601
(410) 822-2929
cbooth@bbcmlaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all issues alleged herein.

_____/S/_____
Curtis H. Booth